IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARIE B. COUTO,

    PLAINTIFF,

v.                                CASE NO.: 3:21-CV-04351

LA PETITE ACADEMY INC.,

    DEFENDANT.
_____/

# COMPLAINT

Plaintiff, Marie B. Couto, (hereinafter referred to as the "Plaintiff" or "Couto"), by and through the undersigned counsel, sues the Defendant, La Petite Academy, Inc. (hereinafter referred to as the "Defendant" or "LPA"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for discrimination and interference in violation of her federally protected rights under the Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654; and Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203.

## JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §§ 12111-12117, 12203.

1

3. Defendant is considered an employer within the terms and conditions of the 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Pensacola, Florida worksite.

4. Plaintiff worked for Defendant from March 2019, until March 27, 2020. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5. The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6. This action lies in the Northern District of Florida, Pensacola Division, because the action arose in this judicial district.

7. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On April 29, 2020, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202025129) and the United States Equal Employment Opportunity Commission

("EEOC" No.: 15D202000865). On December 7, 2020, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter from the EEOC which was received on September 27, 2021.

## PARTIES

8. Plaintiff a citizen of the State of Florida who resides in Pensacola, Florida.

9. Defendant, La Petite Academy, is a private for profit business that is licensed to do and does business in the Escambia, County.

## FACTS

10. Plaintiff is a mixed race female.

11. Plaintiff was employed by Defendant in Pensacola, Florida as a teacher from March 26, 2019, until March 27, 2020.

12. During Plaintiff's employment with Defendant, she had not been the subject of any disciplinary action and performed the duties and responsibilities of her position in a more than satisfactory manner.

13. On February 18, 2020, the school's Director (Ms. Caples) came into Plaintiff's classroom, during a scheduled class time with children present, to discuss something her and by the end of the conversation she began upset and resorted screaming at Plaintiff.

14. Ms. Caples continued to scream and direct derogatory comments towards Plaintiff until she eventually left the classroom.

15. After this incident, due to Plaintiff's PTSD, she began to have a panic attack from the escalated situation causing her to cry.

16. Ms. Caples actions aggravated Plaintiff's PTSD.

17. Plaintiff tried to continue to work, but was unable to do so.

18. Plaintiff found Ms. Caples and explained to her a part of Plaintiff's PTSD is crying spells and that her actions triggered a PTSD episode.

19. In response to Plaintiff's concerns, Ms. Caples stated that if she is triggered by working for Defendant, then maybe Plaintiff should not work here.

20. Plaintiff thereafter requested an accommodation due to her PTSD, but it was quickly disregarded by Ms. Caples.

21. Plaintiff continued to work to the best of her ability, being cordial with Ms. Caples.

22. On March 27, 2020, Ms. Caples went into Plaintiff's classroom and took down posters that she made for her students during black history month.

23. Plaintiff confronted Ms. Caples about this issue, asking for Human Resources and management's telephone number.

24. Ms. Caples told Plaintiff that she did not have time to deal with her or her complaints and instructed her to go back to her classroom or face disciplinary

action.

25. Plaintiff's PTSD caused her to have a panic attack and crying spell.

26. Because of the onset of her PTSD systems, Plaintiff asked Ms. Caples if she could leave and go home or have a longer break.

27. Ms. Caples refused to discuss her requests and told her to return to her classroom even though Plaintiff was having a panic attack and crying spell.

28. Plaintiff thereafter contacted HR about Ms. Caples continued harassment and refusal to grant her requested accommodation.

29. A few hours after Plaintiff's call to HR, she was informed that her employment with Defendant was being terminated.

## FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT, (ADA)

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 29 of this complaint with the same force and effect as if set forth herein.

31. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

5

32. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than 15 employees.

33. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

34. Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

35. Plaintiff suffers from Post-traumatic stress disorder (PTSD) which is a mental health condition that's triggered by a terrifying event — either experiencing it or witnessing it.

36. PTSD symptoms may include flashbacks, nightmares, severe anxiety and crying spells. Symptoms can last for months or even years, and interfere with day-to-day functioning.

37. PTSD is an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

38. Plaintiff's PTSD substantially limited her ability to perform the major life function of speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

39. Upon learning of Plaintiff's PTSD and requested accommodations,

Defendant under an obligation to engage in a good faith interactive process with Plaintiff determine the reasonableness of her requested accommodation.

40. Defendant failed to engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's rheumatoid arthritis nor did Defendant "explore potential accommodations" to overcome those limitations.

41. Defendant's termination and disqualification of Plaintiff's employment on March 27, 2020, on the basis of her disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable her to be employed by Defendant, violated the ADA.

42. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

43. The adverse personnel action, the termination of Plaintiff's employment, clearly violated her statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

44. As a result of the Defendant's violations of the ADA, Plaintiff has

been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

SECOND CAUSE OF ACTION
*DISABILITY RETALIATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 29 of this complaint with the same force and effect as if set forth herein.

46. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

47. Defendant terminated and disqualified Plaintiff from her employment in retaliation for questioning and objecting to Defendant's failure to discuss her accommodation requests and for requesting an accommodation.

48. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

49. When Plaintiff provided Defendant with sufficient information regarding her PTSD and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity

under the ADA.

50. Plaintiff questioned and objected to Defendant's failure to reasonably discuss her accommodation requests.

51. Defendant's March 27, 2020, termination and disqualification of Plaintiff's employment was in retaliation for her seeking a good faith accommodation, her objecting to Defendant's discriminatory practices regarding her disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

52. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in the statutory protective activity of requesting a reasonable accommodation.

### THIRD CAUSE OF ACTION
(FMLA INTERFERENCE)

53. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 3 through 5 and 8 through 29 of this complaint with the same force and effect as if set forth herein.

54. "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

55. Plaintiff was an employee entitled to a benefit under the FMLA and Defendant denied her that benefit.

56. At the time of Plaintiff's termination, Defendant had more than sufficient knowledge that Plaintiff entitled to FMLA leave.

57. Defendant had more than sufficient knowledge that her PTSD was a serious health condition and an FMLA-qualifying medical condition.

58. Defendant knew of Plaintiff's qualifying medical condition and refused to discuss any type of FMLA leave.

59. Defendant should have notified Plaintiff of her eligibility to take FMLA leave for her rheumatoid arthritis within five business days.

60. The FMLA required Defendant to give Plaintiff written notice detailing her specific expectations and obligations related to the FMLA and explaining any consequences of her failure to meet these obligations.

61. Defendant never provided Plaintiff with any type of written notice regarding her FMLA rights related to her PTSD, thus interfering with and denying her substantive rights under the FMLA.

*62.* Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

63.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a)     Declaring the acts and practices complained of herein are violation of the FMLA and ADA;

    b)     Enjoining and permanently restraining those violations of the FMLA and ADA;

    c)     Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

    d)     Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA and/or FMLA;

    e)     Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and

other compensation, plus interest thereon at the statutory rate, pursuant to the FMLA and ADA;

f) Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA;

g) Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA and FMLA;

h) Awarding liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii);

i) Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA, FMLA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

j) Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: December 15, 2021.   By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503

                                                    Tel: (850) 473-0401
                                                    Fax: (850) 473-1388
                                                    Attorney for Plaintiff

Case 3:21-cv-04351-MCR-EMT   Document 1   Filed 12/15/21   Page 13 of 13